## IN THE OREGON TAX COURT

LEWIS et al
*v.*
## DEPARTMENT OF REVENUE
(TC 2205)

Carlton P. Loennig, Portland, represented plaintiffs.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered September 9, 1985.

**CARL N. BYERS, Judge.**

Appealing plaintiffs are individual owners of 18 condominium units. The units are part of the 63-unit complex located in Lincoln County known as the "D" Sands Motel. Thirty-nine units were originally constructed in 1971 and the second phase of 24 units was added in 1972. The complex was constructed with the intent and purpose of being owned under the condominium laws but to be operated as a commercial

motel. The owners of the units, therefore, purchased such units primarily as individual investments.

Plaintiff Lewis testified that the owners of the condominium units are partners in two partnerships. One "partnership" is the unit owners' association, apparently unincorporated, provided for in ORS 94.146 to govern the common elements. The other "partnership" is the rental agreement which provides for operation as a motel.[1] While a unit owner must be a member of the unit owners' association, the owner may elect whether to participate in the rental program. Virtually all unit owners participate in the rental program. Unit owners participating in the rental program who use their unit for their personal use do not pay the usual "rent" but a small amount intended to cover cleaning costs.

The motel operates like a partnership in the sense that the income received by the motel from the rental of all units is placed in a single pool. Any net income remaining in the pool after the payment of operating expenses is divided between the unit owners participating in the rental program in proportion to the percent of interest that their unit bears to the entire complex, adjusted for personal use time.

The parties' perceptions of the subject property are entirely different. Plaintiffs see the property as an operating motel and believe that it should be valued as such. Defendant sees the property as a collection of individual condominium units which are to be separately valued. As a result, plaintiffs' evidence of value is based upon sales of comparable motels from which a unit value is extracted. Defendant's evidence, on the other hand, consists of sales of comparable condominium units which are located in the same project. These comparable sales indicate a substantially higher value per unit than those arrived at by plaintiffs.

■    It is undisputed that the subject properties are subject to Oregon's unit ownership laws as found in ORS chapter 94. In dealing with the unusual problems associated with unit

---

[1] Although the unit owners file partnership income tax returns (Plaintiffs' Exhibits 11 and 12), paragraph 14 of the rental agreement (Plaintiffs' Exhibit 1) expressly provides that "the agency relationship thereby created does not create a partnership, or a de jure or de facto corporation, and the Board will be acting only as an agent for PUOs (participating unit owners) and not as a partner or joint venturer."

ownership, the legislature specifically provided for the taxation of individual units. ORS 94.285(1) provides as follows:

> "Each unit with its allocation of undivided interest in the common elements shall be considered a parcel of real property, whether leased or in fee simple, subject to separate assessment and taxation by any taxing unit in like manner as other parcels of real property. A unit based upon a declaration filed by the owner of a leasehold estate shall be assessed in the name of the unit owner and not in the name of the owner of the fee or of the leasehold estate upon which the declaration is based. Neither the building, the property nor any of the common elements shall be considered a separate parcel for purposes of taxation."

The above language directing the separate assessment of each unit is mandatory. By voluntarily subjecting the property to the unit ownership laws, the plaintiffs, of necessity, have required the units to be individually assessed and taxed. The fact that the entire complex is operated as a motel cannot override this statute.

Plaintiffs' appraiser testified that in accordance with his instructions he valued the entire complex as an operating motel. Defendant's appraiser based his opinion upon sales of comparable condominium units, all of which were located within the same complex. When weighed against plaintiffs' proposed values, which were obtained by extraction from sales of motels, defendant's sales must be deemed the most accurate indication of value for the subject units.

Plaintiffs argue that the sale prices of condominium units in the "D" Sands complex include nontaxable assets. These nontaxable assets consist of intangible "business value" and "cash," which is owned by virtue of the unit owners' interest in the rental program. These points merit separate discussion.

The intangible business value, which plaintiffs seek to exclude from value, arises from the motel's widely established reputation. This element of value is associated with or created by management or personal services and is not part of the tangible taxable real property. As indicated by defendant's witness, its existence may or may not be provable and its value extremely difficult to measure. Defendant did not make any adjustment for this factor because of the unit owners' right to

use their unit for personal use at any time. Plaintiffs' witness used a 15 percent factor, which was based on published figures ranging from 12 percent to 25 percent and his own opinion. In the court's view, any value attributable to intangible business value is already accounted for by payment of a management fee. (Plaintiffs' Exhibit 5.) Where the motel is not part of a chain or franchise, any deduction greater than the day-to-day manager's fee must be based on specific evidence. (Defendant's Exhibit D, at 281.)

The evidence did show that there were substantial sums held in the rental pool from time to time which, when allocated between the participating unit owners, constituted a significant sum for each unit. However, whether the sales prices reflect the nontaxable assets above and beyond the amounts allowed by defendant's appraiser is not ascertainable from the evidence. In the absence of some allocation, the court will not assume that purchasers add a prorated dollar amount of partnership interest to the value of the unit in order to come up with a purchase price. More specifically, there is no evidence that the unit owner's interest in the rental pool reserves or income is transferred with the unit when it is sold. Plaintiffs have failed to carry their burden of proof with regard to establishing a lower value for the condominium units.

Plaintiffs argue that the total of the defendant's unit values is almost double the cost of replacing the entire complex new. While this fact raises questions, it supplies no answers. It is not unknown for well-managed properties to develop market values greater than their actual replacement costs. It is also common that smaller parcels of property will sell for more individually than the total would sell for as a unit. The number of factors which influence the market in these respects is almost countless. Based on the evidence presented, the court must conclude that the unusual combination of condominium ownership with a successfully operated motel is particularly attractive in the marketplace.

Defendant's opinion and order is hereby affirmed. Costs to defendant.